39 F.3d 290
 95 Ed. Law Rep. 519
 Beatrice ALEXANDER, as co-administrator of the estate of
David Charles Coleman, David Coleman, as
co-administrator of the estate of David
Charles Coleman, Plaintiffs-Appellees,
v.
UNIVERSITY OF NORTH FLORIDA, et al., Defendants,
Adam Herbert, individually and in his official capacity as
President of the University of North Florida, Thomas C.
Healey, etc., Otis Halloway Owens, etc., Doug Covey, etc.,
et al., Defendants-Appellants.
 No. 93-3158.
 United States Court of Appeals,
Eleventh Circuit.
 Dec. 2, 1994.
 
 Craig B. Willis, Tallahassee, FL, for appellants.
 William J. Sheppard, D. Gray Thomas, Jacksonville, FL, for appellees.
 Appeal from the United States District Court for the Middle District of Florida.
 Before EDMONDSON and BIRCH, Circuit Judges, and HILL, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Principles of qualified immunity control this case. At issue is whether university officials are entitled to qualified immunity against a claim that they violated a student's due process rights to life and liberty by failing to protect the student from the known threats of a fellow student.[1] We conclude the defendant officials are entitled to qualified immunity and reverse the district court.
 
 
 2
 In 1988, David Coleman was a student at the University of North Florida when he began receiving threatening phone calls from Margaret Haywood, a fellow student. Coleman informed university officials of the harassment, and he requested protection. The harassment increased and in April 1989 Haywood attacked Coleman in the university library. As a result, the university suspended Haywood. The university then allowed her to return in June 1989 provided she not harass Coleman. Haywood did not abide by the agreement, and Coleman informed the university that Haywood continued to threaten him. The university assured Coleman it would take steps to ensure his safety. But, on December 5, 1989, Haywood shot and killed Coleman as he entered a class.
 
 
 3
 Coleman's parents brought suit against defendants, university officials, claiming that the officials had a duty to protect Coleman from Haywood and that, in failing to protect him, the officials violated Coleman's substantive due process rights to life and liberty under the Fourteenth Amendment to the Constitution. Before trial, defendants moved for judgment on the pleadings on the ground they were entitled to qualified immunity. The district court denied defendants' motion after concluding that in 1989 it was clearly established that a state may have a duty to protect a person with whom it has a special relationship and that the facts of this case may have given rise to a special relationship between defendants and Coleman.
 
 
 4
 As we explained in Lassiter v. Alabama A & M University, 28 F.3d 1146 (11th Cir.1994), qualified immunity for government officials is the rule, liability and trials for liability the exception. A plaintiff suing a government official has the burden of showing that the official's acts, at the time, violated clearly established law. Id. "For qualified immunity to be surrendered, pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law in the circumstances." Id.
 
 
 5
 To avoid qualified immunity, plaintiffs in this case must point to pre-existing law which "dictates" and "compels" the conclusion that, in 1989, university officials had a duty to protect Coleman from the violent acts of another student. Plaintiffs fail to do so. Plaintiffs rely mainly on the decision in Cornelius v. Town of Highland Lake, 880 F.2d 348 (11th Cir.1989) to satisfy the burden; but, that case involved prison inmates on work detail in a public building who attacked a public employee assigned to work at that building. The facts in Cornelius are too different from the facts of this case to establish clearly the law governing defendants' conduct.[2]
 
 
 6
 Cornelius, at most, creates some ambiguity about whether a state may owe a duty of protection to someone outside the traditional custodial relationship. But, nothing in Cornelius comes close to the "clearly established" standard required to overcome the qualified immunity defense in this case. For example, Cornelius (unlike this case) does not involve the peculiarities of a school or university setting. In addition, no case has been called to our attention in which neither the assailant nor the victim was in custody and in which the special duty to protect has been found and applied to support liability.
 
 
 7
 Plaintiffs advance no case of sufficient similarity to the present case that, in 1989, would have put defendants on notice that what they were doing did violate Coleman's federal rights. That defendants, pursuant to federal law, owed Coleman a duty of protection was not established clearly when defendants acted or failed to act. So, defendants, in their individual capacity, are entitled to qualified immunity. Therefore, we REVERSE the denial of qualified immunity.
 
 
 8
 REVERSED.
 
 
 
 [1]
 Plaintiffs set out their claim in two separate counts of the complaint: Count IV, a failure to protect claim, and Count III, a claim based on failure to train to avoid the constitutional violation of failure to protect. For purposes of this appeal, we need not distinguish between the two counts
 
 
 [2]
 The Supreme Court has said that a state can have a duty to protect individuals in its custody. Deshaney v. Winnebago County Dept. of Social Services, 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989). The case before us does not involve a custodial situation